UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21255-BLOOM/Otazo-Reyes

FELICIA PATTERSON,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

**OMNIBUS ORDER ON PLAINTIFF'S MOTION TO REMAND
AND DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Plaintiff Felicia Patterson's ("Plaintiff") Objection to Notice of Removal of Action to Federal Court, ECF Nos. [11] & [13] ("Motion to Remand"), and Defendant Hartford Life and Accident Insurance Company's ("Defendant") Motion to Dismiss Complaint with Supporting Memorandum of Law, ECF No. [4] ("Motion to Dismiss"). The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Remand is denied, and the Motion to Dismiss is granted.

**I.    BACKGROUND**

Plaintiff Felicia Patterson ("Plaintiff") originally filed this action on March 15, 2021, in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See generally* ECF No. [1-1]. On April 2, 2021, Defendant filed a Notice of Removal ("Notice"), pursuant to 28 U.S.C. §§ 1441, 1446, alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. ECF No. [1]. Specifically, Defendant maintains that Plaintiff's state law claims arise under federal law because the long-term disability plan at issue is regulated by the Employee Retirement

Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). *Id.* ¶¶ 4-7. As such, Defendant maintains that Plaintiff's claims are completely preempted by ERISA and jurisdiction exists to remove the case to federal court. *Id.* ¶ 6.

According to the "Tort Complaint," ECF No. [1-1] at 28-29 ("Complaint"), Plaintiff received long-term disability coverage under Group Insurance Policy No. GLT-681086, issued by Defendant to policyholder Amazon.com Services Inc. ("Amazon"). ECF No. [1-1] at 28, ¶ 3; *see also id.* at 16. On March 18, 2020, Plaintiff received a letter from Defendant, advising Plaintiff that her long-term disability benefits were terminated because she failed to timely submit proof of loss, as required to establish her eligibility for additional benefits. *Id.* at 16. Plaintiff contends that her long-term disability benefits were "unlawfully, [i]ntentional[ly], and [m]alicious[ly] terminated" by Defendant. *Id.* at 29, ¶ 5.[1] Based on the foregoing allegations, Plaintiff asserts causes of action against Defendant for "Intentional Tort [D]amages, Fraud, Negligent Infliction (NIED), Tort Loss[]," *id.* at 28, and seeks damages in the amount of $8,484.00, *id.* at 29, ¶ 7.

On April 5, 2021, Defendant filed its Motion to Dismiss, ECF No. [4], arguing that Plaintiff's "claims relate to an ERISA-governed employee welfare benefit plan and are therefore preempted by the federal statute, thus necessitating the dismissal of her state-law tort claims with prejudice[.]" *Id.* at 1.[2] In response, Plaintiff filed an Amended Affirming Affidavit, ECF No. [12] ("Response"), arguing, without any legal support, that her case should not be dismissed, that the Court lacks subject matter jurisdiction, and that her claims are not preempted by ERISA. Thereafter, on April 22, 2021, Plaintiff filed her Motion for Remand, ECF No. [11], arguing that

---

[1] Plaintiff also alleges that Defendant also obtained her "medical records that had nothing to with (LTD) without [her] consent or authorization." *Id.* at 29, ¶ 6. It is wholly unclear whether Plaintiff is asserting a cause of action against Defendant for this purported violation, or the basis for her claim.

[2] Defendant also argues that to the extent the Complaint asserts a breach of contract claim, that claim also fails. The Court, however, does not reach this argument as Plaintiff's Complaint invokes only claims sounding in tort law.

removal is improper because: (1) Defendant removed the action without Plaintiff's consent; and (2) Plaintiff has not received or seen the "Judgment Removing Plaintiff's Action to Federal Court[.]" *Id.* ¶¶ 2-3. Defendant filed a Response, ECF No. [14], opposing the Motion to Remand.

## II.     LEGAL STANDARD

### a. Standard on Removal Based on Federal Question

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003). An exception to this rule, however, provides that "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal citations, quotations and alternations

3

omitted). "ERISA is one of those statutes." *Id.* Whether founded upon federal question or diversity, the removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).

### b. Standard on Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself

and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### c. Pro se Litigants

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [The *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, No. CV-411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, No. 08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 208-CV-026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in

the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

## III. DISCUSSION

In the Motion to Dismiss, Defendant claims that the insurance plan[3] Plaintiff seeks relief under is governed by ERISA and, therefore, Plaintiff cannot assert state law causes of action. *See generally* ECF No. [4]. In her Response, Plaintiff does not contest Defendant's assertion that insurance policies that are governed by ERISA preempt state law causes of action. Rather, Plaintiff simply disagrees that the case is governed by ERISA and contends that she was not "provided in writing by the ERISA administration about [her] plan[.]" ECF No. [12] ¶ 2. Here, the crux of the parties' controversy is whether Plaintiff's state law tort claims are preempted by ERISA. Because the issue of ERISA preemption impacts the Court's jurisdiction and, relatedly, whether removal was proper in the first place,[4] the Court will analyze it first.

---

[3] The plan documents are attached to the Motion to Dismiss. ECF No. [4-1]. A district court may properly consider documents outside of a complaint for purposes of Rule 12(b)(6) dismissal when the document is: (1) central to a plaintiff's claim; and (2) undisputed, meaning the authenticity is not challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002). Here, the Court finds that the plan documents are central to Plaintiff's claims, and no dispute exists.

[4] As a preliminary matter, the Court must highlight that the arguments in Plaintiff's Motion to Remand are without merit. First, Defendant was well within its rights to remove this action without first obtaining Plaintiff's consent. Indeed, there is no requirement in the federal rules that Plaintiff's consent is required to remove an action to federal court. *Hayduk v. U.S. Bank, N.A.*, No. 1:13-CV-1113-RWS, 2013 WL 6795220, at *2 (N.D. Ga. Dec. 23, 2013) ("[A] plaintiff's consent is not required to remove." In a case involving multiple defendants, "[o]nly the consent of Defendants is required.") (citation omitted); *see also Carr v. Bank of Am.*, No. 1:13-CV-02864-WSD, 2013 WL 8609735, at *1 n.1 (N.D. Ga. Oct. 24, 2013), *report and recommendation adopted*, No. 1:13-CV-2864-WSD, 2014 WL 2619094 (N.D. Ga. June 11, 2014) ("[A] defendant does not have to obtain a plaintiff's consent to removal." (citing 28 U.S.C. § 1441)). Additionally, contrary to Plaintiff's assertion, there is no requirement that Defendant must first file a motion in state court requesting removal. ECF No. [11] ¶ 3. *See* 28 U.S.C. § 1446(a) ("a defendant . . . desiring to remove any civil action from a State court shall file in the district of the United States for the district and division in which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."); *see also Sobkowski v. Wyeth, Inc.*, No. 5:04-CV-96-OC-10GRJ, 2004 WL 3569702, at *1 n.1 (M.D. Fla. July 12, 2004) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction.") (citation omitted).

ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. Thus, whether the insurance policy at issue falls within ERISA depends on whether it qualifies as an "employee benefit plan." Under ERISA, an "employee welfare benefit plan" is defined as:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services[.]

29 U.S.C. § 1002 (1). Additionally, whether removal is proper depends on whether Plaintiff's state law tort claims are preempted by ERISA. ERISA § 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce the rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). "[I]f an individual, at some point could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210; *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009) (applying *Davila* as two-part test: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim"). The Court considers each part in turn.

### a. Whether Plaintiff could have brought her claim under § 502(a)

"This part of the test is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Conn. State Dental Ass'n*, 591 F.3d at 1351 (citations omitted).

### i. Whether Plaintiff's claim falls within the scope of ERISA

In determining whether ERISA applies to a particular plan, the Eleventh Circuit has noted that courts must first consider whether the plan falls within the regulatory safe harbor. *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263 n.2 (11th Cir. 2004). 29 C.F.R. § 2510.3-1(j) excepts from the definition of an "employee welfare plan" certain group or group-type insurance programs offered by an insurer to employees or members of an employee organization. In order to qualify for the regulatory safe harbor, four elements must be satisfied:

    (1) No contributions are made by an employer or employee organization;

    (2) Participation [in] the program is completely voluntary for employees or members;

    (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

    (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j); *see also Riggs v. Smith*, 953 F.Supp. 389, 393 (S.D. Fla. 1997) ("In order to qualify for the safe harbor, an insurance policy must meet all four criteria spelled out in the regulation.").

Defendant maintains that "the third safe-harbor element is not and cannot be satisfied in the instant case, thus precluding the applicability of the exemption." ECF No. [4] at 6.[5] *See Butero*, 174 F.3d at 1214 (the third safe harbor element "explicitly requires the employer to refrain from *any* functions other than permitting the insurer to publicize the program and collecting

---

[5] Plaintiff fails to demonstrate, or even argue, that the safe harbor applies. "[T]he onus is upon the parties to formulate arguments[.]" *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). While the Court will not develop *pro se* Plaintiff's argument for her, the Court will afford Plaintiff some leniency and address the merits of Defendant's argument.

premiums.") (emphasis in original). Here, Amazon's endorsement of the plan is evidenced in the policy by way of: (1) Amazon's name and logo prominently displayed on the plan document; (2) Amazon is identified as both the plan sponsor and plan administrator; and (3) the plan specifically contains a statement on "ERISA INFORMATION[,]" which explicitly states that the "Group Long Term Disability Plan for employees of [Amazon]" is subject to ERISA. ECF No. [4-1] at 2, 31. *See Rengifo v. Hartford Life & Acc. Ins. Co.*, No. 8:09-CV-1725-T-17MAP, 2010 WL 5253137, at *6 (M.D. Fla. Dec. 13, 2010) (an "employer's application for insurance and status as policy holder constitute endorsement which disqualify an insurance policy from ERISA's safe harbor.") (citing cases); *see also May v. Lakeland Reg'l Med. Ctr.*, No. 809-CV-406-T-33AEP, 2010 WL 376088, at *8 (M.D. Fla. Jan. 25, 2010) (finding that an employer endorsed the plan at issue by virtue of its name and logo on the plan documents, identification as the plan administrator, and summary of the plan explicitly stating that it is governed by ERISA). Thus, the Court agrees that the third safe harbor element is not satisfied in this case, and the plan does not fall within the regulatory safe harbor.

An insurance plan that falls outside the scope of the safe harbor provision does not necessarily mean that the plan falls within ERISA jurisdiction. Rather, the Court must "turn next to the high-seas definition of an 'employee welfare benefit plan' to see if the insurance policy here qualifies." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1214 (11th Cir. 1999). An "employee welfare benefit plan" under ERISA, is "any (1) plan, fund or program, (2) established or maintained (3) by an employer (4) to provide beneficiaries (5) [] benefits through an insurance policy." (citing 29 U.S.C. § 1002(1) and *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982)) (quotations omitted). Here, the policy materials attached to the Motion to Dismiss indisputably demonstrate that these elements are met. While these materials were not attached to the Complaint, Plaintiff does not dispute their authenticity, and they are otherwise integral to the

allegations in the Complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). Accordingly, the regulatory safe harbor does not apply, and Plaintiff's claim properly falls within the scope of ERISA.

### ii. Whether Plaintiff has standing to sue under ERISA

ERISA § 502(a)(1)(B) states that a claim may be brought by a "participant or beneficiary." 29 U.S.C. § 1132. A participant is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7); *see also Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1241 (11th Cir. 2001).

Plaintiff argues that this is a "Malicious, Intentional Tort Claim/Complaint" and she does not agree that the case is governed by ERISA. ECF No. [12] ¶ 2. A thorough review of Plaintiff's Complaint, however, shows that although Plaintiff attempts to assert state law tort claims, they are in fact a federal claim. "Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Conn. State Dental Ass'n*, 591 F.3d at 1344 (quoting *Metro. Life Ins. co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "Section 1132(a)(1)(B) permits a civil action by a participant or beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .' If a state court plaintiff's state law claim seeks this relief, then the plaintiff is deemed to have brought a federal claim, the state law claims are thus converted to a federal claim under

§ 1132, and the case is removable via federal question jurisdiction." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003).

Indeed, "all one needs for standing under ERISA is a colorable claim for benefits, and the possibility of direct payment is enough to establish subject matter jurisdiction." *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 598 (11th Cir. 2019) (quoting *Conn. State Dental*, 591 F.3d at 1353) (citation omitted) (quotations omitted). Here, the basis of Plaintiff's claim is that she was eligible to receive payments based on her enrollment in the long-term disability plan and Defendant wrongfully denied those benefits on March 18, 2020. ECF No. [1-1] at 29, ¶ 5; *see also id.* at 16. Thus, based on the allegations, the Court concludes that Plaintiff is a "participant" within the meaning of § 1002(7) and has standing to sue under ERISA. *See Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1302 (11th Cir. 2010) (noting that "a challenge to the 'right of payment' under an ERISA plan" implicates standing to sue under ERISA).

### b. Whether no other legal duty supports Plaintiff's claim

The second *Davila* inquiry is whether Plaintiff's claims are founded upon a legal duty that is independent of ERISA. If a state law claim "is actually (1) a claim for recovery of benefits due under the terms of the plan, (2) a claim seeking to enforce his rights under the terms of the plan, or (3) a claim for clarification of future benefits under the terms of the plan; it is construed as a federal civil action under § 1132(a), is completely preempted, and confers federal question jurisdiction." *Ervast*, 346 F.3d at 1014; *see also Garcon*, 779 F. App'x at 598 (stating that where claims "are predicated on the benefits he alleges he is owed under the terms of the plan," those claims are completely preempted by ERISA (citing *Davila* 542 U.S. at 214)). Properly viewed, Plaintiff is attempting to recover benefits she believes to be due to her under the terms of the long-term disability plan. As a result, the second prong of the *Davila* test is satisfied, and Plaintiff's

11

state law claims arising from the denial of her long-term disability benefits are completely preempted.

### c. Motion to Dismiss

Defendant seek dismissal of the Complaint on two bases. Defendant first argues that because Plaintiff's state law claims relate to her long-term disability plan, those claims are preempted and should be dismissed with prejudice. Additionally, Defendant maintains that, to the extent Plaintiff's state law claims have been converted to an ERISA claim, the Complaint must be dismissed because Plaintiff has failed to plead exhaustion of administrative remedies before filing a claim involving violations of ERISA's statutory provisions.

There are two types of ERISA preemption: (1) superpreemption or complete preemption; and (2) defensive preemption, which originates from ERISA's express preemption provision. *Butero*, 174 F.3d at 1211-12; 29 U.S.C. § 1144(a). "Defensive preemption defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan." *Butero*, 174 F.3d at 1212. "If the plaintiff's claims are superpreempted, then they are also defensively preempted." *Id*.

Here, for the reasons addressed above, the Court agrees that Plaintiff's state law tort claims arising from the denial of her long- term disability benefits are not only completely preempted by ERISA, but are also subject to defensive preemption requiring dismissal. The Court, however, will permit Plaintiff leave to amend to allege a claim under ERISA. Plaintiff is cautioned that the amended complaint must demonstrate that she exhausted her administrative remedies prior to initiating suit. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992) ("Pursuant to ERISA, employers must establish procedures for reviewing employees' claims under their employee benefit plans. . . . Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA." (citing 29 U.S.C. § 1133 and *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985))). Moreover, it is not enough to

simply allege, as Plaintiff has, that "all conditions precedent" have been satisfied, ECF No. [1-1] ¶ 8. *See C.P. Motion, Inc. v. Aetna Life Ins. Co.*, 268 F. Supp. 2d 1346, 1348 (S.D. Fla. 2003) (allegations in a complaint that plaintiff complied with "all conditions precedent" or that "such conditions have been waived or excused" does not satisfy the exhaustion requirement, and are therefore insufficient to overcome a motion to dismiss) (citations omitted).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, **ECF Nos. [11] & [13]**, is **DENIED**, and Defendant's Motion to Dismiss, **ECF No. [4]**, is **GRANTED**. Plaintiff may file an amended complaint **on or before May 27, 2021**, that properly states a claim under ERISA. Plaintiff is cautioned that failure to file the amended complaint on time and in compliance with this Court's Order will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 13, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Felicia Patterson
16004 NW 38th Place
Miami Gardens, FL 33054